## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAJI ABDULLAH, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 4:24-cv-00223-MWB-MP |
| v. | : | |
| | : | |
| GEGORY C. BRIGGS et al., | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW the moving Defendants, Gregory C. Briggs, Bruce LeValley, Latonya Ray, and Lionel Pierre, by and through their undersigned counsel, Lavery Law, and timely file this, their Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint filed conterminously with their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) and, show this honorable Court as follows:

### I.   FACTS

Plaintiff is a *pro se* prisoner litigant currently being held in Dauphin County. At the time of the matters alleged in Plaintiff's Complaint, he was housed at the Dauphin County Prison for alleged felony possession of a prohibited firearm. (Doc. 1, pg. 4).  Plaintiff alleges that on February 14, 2023, his cellmate's bunk collapsed, and it fell on top of Plaintiff. (Doc. 1, p. 4).  He was treated medically the following day. (Id.).  He requested specialized treatment, and the medical

contractor denied it. (Id.).  He was further treated on unknown dates by the medical contractor.   (Id). He alleges he filed grievances on various dates requesting specialized medical services.  (Id).  As to Moving Defendants, he also alleges that his legal mail was destroyed, and he had to forfeit writing materials.  (Id.).

The  Moving  Defendants  (hereinafter  "Defendants"  or  "Movants")  are Warden Gregory C. Briggs and Deputy Wardens Bruce LeValley, Latonya Ray, and Lionel Pierre.  The conterminous Motion does not apply to any other named Defendants.  Plaintiff brings claims under 42 U.S.C. §1983.  (Doc. 1, pg. 1, Sec. I, Civil  Complaint  Form  to  be  Used  by  a  Pro  Se  Prisoner).   Plaintiff names the Movants in their official capacities but fails to allege any personal involvement in the collapse of his cellmate's bunk or in his medical treatment.  In fact, exclusive of the mention of the names of the Movants in the style of the case, Plaintiff does not mention them in any way thereafter.  (Doc. 1, pg. 2-3).  Plaintiff's Complaint does not allege any personal involvement by any of the Movant's. (Id.).  Plaintiff, in fact, failed to exhaust administrative remedies as averred. (Doc. 1, pg. 4, Sec. II(B)).

## II.    ISSUE AND SUGGESTED ANSWER

Whether Moving Defendants' Motion to Dismiss should be granted in that the Complaint fails to specify any personal knowledge, direction or acquiesce

relating to a constitutional violation which he or she neither participated in nor approved?  The suggested answer is, yes.

## III.    ARGUMENTS AND CITATIONS OF LAW

### A. Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss; a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007).  First, a court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) at 1947.  Second, a court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"  *Id*. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  Courts must generously construe complaints drafted by *pro se* plaintiffs.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, even under the most generous standard Plaintiff fails to state a case upon which relief can be granted.

### B.  The Movants Must Be Dismissed In Their Official Capacities

Plaintiff fails to state a claim against moving Defendants.  (Doc. 1, pg. 4-5).  28 U.S.C. §1915A (b)(1) provides that the Court must determine whether a *pro se*

complaint by a prisoner "fails to state a claim upon which relief may be granted," adopting identical language to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This formulation of the standard applies to *pro se* complaints in the same terms. *Foster v. Raleigh*, 2010 U.S. Dist. LEXIS 135427, at 11 (M.D. Pa. Oct. 20, 2010). Plaintiff apparently named the Movants only because of their positions and fails to aver any factual allegations directly relating to them at all. (See generally, Doc. 1). As a matter of law, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-1208 (3d Cir. 1988). Plaintiff fails to articulate any claims against moving Defendants, and as such, they should be dismissed from the action with prejudice. (*Id*.).

## C. The Prison's Grievance Process Was Not Completed by Plaintiff

A threshold procedural issue in this matter is whether Plaintiff completed the Dauphin County Prison's grievance procedure. He did not. The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219, (2007); see also *Woodford v. Ngo*, 548 U.S. 81, 89-91 (2006).  To the extent Plaintiff's claims could be deemed to address moving Defendants – which, as argued above, they do not – *arguendo*, they may be dismissed for failure to exhaust on this alternative basis.  See, *Gary v. Pa. Human Rels. Comm'n*, 497 F. Appx 223, 226 (3d Cir. 2012) ("Nevertheless, we will summarily affirm on alternative grounds because [plaintiff's] claims lack merit.").

Exhaustion of administrative remedies is "integral to" the claims in Plaintiff's Complaint, and therefore should be considered by this Court without conversion of this Motion to Dismiss.  Quoting, *In re Burlington Coat Factory*, 114 F.3d at 1426; see, *Jones*, 549 U.S. at 219; *Woodford*, 548 U.S. at 89-91.  In order to prove that Plaintiff failed to complete the process, the Prison is required to submit an Affidavit from Warden Gregory C. Briggs showing the process existed, what the process was, and that Plaintiff did not complete it on issues relevant to this premature suit.  The Court could convert this Motion to a Summary Judgment Motion on this issue, however, it is not required to do so under law.  Generally, "a

district court ruling on a motion to dismiss [under Rule 12(b)(6)] may not consider matters extraneous to the pleadings." *Coman v. ACA Compliance Group*, 2021 U.S. Dist. LEXIS 239987 (W.D. Pa. Dec. 14, 2021), citing *In re Burlington*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, a district court may consider the following: (1) exhibits attached to the complaint, see *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993); (2) documents that are "integral to or explicitly relied upon in the complaint," *In re Burlington*, 114 F.3d at 1426 (citation omitted), including, for example, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *Pension Benefi*t, 998 F.2d at 1196; and "(3) matters of public record, *Pension Benefit*, 998 F.2d at 1196 [without converting the motion to a summary judgment motion]." As such, an Affidavit as to compliance with the Prison's grievance procedure would be appropriate for this Court's consideration as a document integral to, and relied upon, for the Complaint. (*Id.*). Based on the Affidavit attached to the Motion to Dismiss, another reason to dismiss the Complaint is that Plaintiff did not complete the grievance process.

### D. Each of the Movants Enjoys Quailed Immunity

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2085 (2011). "The qualified immunity standard gives ample

room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir. 2005). Officials are immune if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts consider "the state of the existing law at the time of the alleged violation and the [specific] circumstances confronting the officer." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010).

Plaintiff pro se is suing the Movants in their official capacities so they are immune from suit when sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25, 116 L. Ed. 2d 301, 112 S. Ct. 358 (1991); *Giandonato v. Montgomery County*, 1998 U.S. Dist. LEXIS 8038, No. 97-0419, 1998 WL 314694, at *5 n.2 (E.D. Pa. May 22, 1998).

### E. Plaintiff Cannot Show that Supervisory Staff Personally Deprived Him of Any Right so the Eighth Amendment Claim Should be Dismissed

Plaintiff must show that each and every defendant was "personal[ly] involve[d]" in depriving him of his rights. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005). There is no liability for a supervising or reviewing defendant based on the theories of *respondeat superior* or vicarious liability. *Shaw v. Strackhouse,* 920 F.2d 1135, 1147 (3d Cir. 1990). Alleging a mere hypothesis that an individual

defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient. *Rode v. Dellarcipete* 845 F.2d 1195, 1208 (3d. Cir. 1998). Accordingly, a § 1983 complaint must be dismissed when it fails to contain "even a remote suggestion that [a supervisory defendant] had contemporaneous, personal knowledge of [the alleged harm] and acquiesced in it." *Evancho,* at 353, *Gay v. Petsock,* 917 F.2d 768, 771 (3d Cir. 1990).

In this case, Plaintiff does not provide any facts that support his claims of deliberate indifference as to his medical care in violation of the Eighth Amendment. It is not alleged these Defendants made any decisions as to his medical care, or that they were personally involved with said care. He was, in fact, treated and he received some follow-up treatment. (Doc. 2, p. 4). Plaintiff's blanket statement that the Movants acted with deliberate indifference is a *respondeat superior* or vicarious liability claim and it must be dismissed under *Evancho*, at 353.

A plaintiff in a § 1983 action must allege and prove that individual defendants personally performed, directed, or knowingly permitted an illegal act. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individuals cannot be liable for civil rights violations without either direct involvement in, or knowledge of, and acquiescence in, the alleged constitutional violation. *Id.* A defendant's conduct must have a close causal connection to plaintiff's injury for liability to

attach under § 1983. *Martinez v. California*, 444 U.S. 277, 285, 62 L. Ed. 2d 481, 100 S. Ct. 553 (1980). Traditional concepts of respondeat superior do not apply to actions brought under § 1983. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). As such, Plaintiff cannot show deliberate indifference as to the Movants.

"Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll,* 991 F.2d 64, 67 (citations omitted). *Clark v. Doe*, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000) ("**courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care**") (emphasis supplied).

### F. Plaintiff's Fourteenth Amendment Due Process Claims Against the Movants Must be Dismissed

Plaintiff claims that his due process rights were violated as relevant to Movants, due to his right to seek medical care being impaired. He does not specify how such impairment occurred or whom did what to impair it. (Doc. 11, p. 5). As such, this claim should be dismissed under *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-1208 (3d Cir. 1988). His own Complaint proves that he did receive medical care. (Doc. 1, p. p. 4). The Supreme Court has explained that the due process clause is applicable only when an inmate has been deprived of a liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Due process protection

for a state created liberty interest is thus limited to those situations where deprivation of that interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*; *see also Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). Here, Plaintiff claims that he was prevented from seeking medical redress. However, it is undisputed that he received medical care. He simply argues the care was not enough and that specialized care is needed. (Doc. 1, p. 4). Further, Corrections Officials are allowed to rely on determinations made by medical professionals regarding care issues. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). As such, the Movants are not liable to Plaintiff under the facts alleged.

### G. The First Amendment Claim Must Be Dismissed

Lastly, Plaintiff claims his First Amendment rights were violated because unidentified persons destroyed his legal mail and did not provide him writing materials. (Doc. 1, p. 5). He does not identify when these events allegedly occurred. He does not allege that any of the Movants did these things. As a result, they must be dismissed under *Rode v. Dellarcipete,* 845 F.2d 1195, 1208 (3d. Cir. 1998). Secondly, the Complaint itself, and the fact that Plaintiff states he filed multiple grievances mitigates against an acceptance of the allegation that he was deprived of writing materials or that his legal mail was destroyed. (Doc. 1, pp. 3

and 5).  Based on his averments, the First Amendment claim must also be dismissed as to the Movants.

### H. Amendment Futile

Although the Court must allow amendment in most cases, here based on the facts and law provided above, such amendment would be futile.  As such, no amendment should be allowed.  *Phillips v. Cnty of Allegheny*, 515 F3d 224, 245 (3d Cir. 2008).

## IV.   CONCLUSION

Based on the facts and law cited herein, Defendants request that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted, this 8th day of March.

Respectfully submitted,


By:  */s/ Murray J. Weed*
Murray J. Weed, Esquire
Attorney No. PA329717
Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304
DATE: March 13, 2024         Harrisburg, PA 17101-2126
(717) 233-6633 (Telephone)
mweed@laverylaw.com
flavery@laverylaw.com
msanyour@laverylaw.com
*Attorneys for Moving Defendants*

11

## <u>CERTIFICATE OF SERVICE</u>

I, Muray J. Weed, do hereby certify that on this 13th day of March, 2024, I served a true and correct copy of Moving Defendants Motion to Dismiss Plaintiff's Complaint via the Court's ECF System on all counsel of record and via First Class United States Mail addressed as follows:

> Taji Abdullah - 08646
> Dauphin County Prison
> Special Mail-Open in
> Presence of Inmate
> 501 Mall Road
> Harrisburg, PA 17111

> _/s/ Murray J. Weed_
> Murray J. Weed, Esquire