IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAJI A. ABDULLAH, | No. 4:24-CV-00223 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GREGORY BRIGGS, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JUNE 18, 2024

Plaintiff Taji A. Abdullah filed the instant *pro se* Section 1983[1] action, alleging constitutional violations by Dauphin County Prison officials. The Court will dismiss Abdullah's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief but will grant him leave to amend.

I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] *See* 28 U.S.C. § 1915A(a).
[3] *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-

---

[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Abdullah proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Abdullah, is incarcerated.[14]

## II.  DISCUSSION

Abdullah alleges that, on February 14, 2023, he was injured at Dauphin County Prison when the top bunk (containing his cellmate) detached from the wall and landed on him, knocking him unconscious.[15]  He went to the prison medical department the following day and requested to be seen by an outside specialist for an MRI or CT scan, but this request was denied.[16]  Instead, he was given an

---

[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15]  Doc. 1 at 4.
[16]  *Id.*

injection, presumably a painkiller.[17] On February 21, 2023, Abdullah filed a grievance regarding the medical department's denial of a referral to an outside specialist, which grievance was ultimately denied.[18] He contends that he "suffered permanent damage to his head, neck, and back/spine" and is "still being denied medical care."[19]

Abdullah also alleges that prison officials hindered his ability to "petition for redress of grievance [sic]," claiming that his legal mail was taken and that his writing materials were confiscated.[20] He additionally claims that his requests for grievances were ignored when he sought to grieve his conditions of confinement in the Restricted Housing Unit (RHU).[21]

Abdullah cites the First, Eighth, and Fourteenth Amendments as the bases for his constitutional tort claims.[22] As best the Court can discern, he appears to be raising the following Section 1983 claims: (1) Eighth Amendment deliberate indifference to serious medical needs; and (2) First Amendment Petition Clause infringement. Although Abdullah mentions the Fourteenth Amendment and recites

---

[17] *Id.* Abdullah alleges that the injection was "Teterol," which does not appear to be an actual medication. It is possible that Abdullah means "Toradol," an injectable nonsteroidal anti-inflammatory drug (NSAID) that is often prescribed to relieve moderately severe musculoskeletal pain. *See* MAYO CLINIC, *Drugs and Supplements: Ketorolac (Oral Route, Injection Route)*, https://www.mayoclinic.org/drugs-supplements/ketorolac-oral-route-injection-route/side-effects/drg-20066882?p=1 (last visited June 12, 2024).
[18] Doc. 1 at 4.
[19] *Id.*
[20] *Id.* at 5.
[21] *Id.*
[22] *Id.*

the phrase "due process,"[23] his allegations in this section of his complaint do not implicate any type of due process or other Fourteenth Amendment claim. Rather, they appear to be duplicative of his medical indifference allegations.[24]

Abdullah names five defendants: Warden Gregory Briggs, Deputy Warden Bruce LeValley, Deputy Warden of "Treatment" LaTonya Ray, Deputy Warden Lionel Pierre, and PrimeCare Medical, Inc. (PrimeCare).[25] He seeks monetary damages and various forms of injunctive relief, including outside medical treatment and for the prison to "update its prison regulations, policies, and medical dep[artment] standards[.]"[26]

Upon review of Abdullah's complaint, he fails to state a claim upon which relief may be granted. His complaint may also violate Federal Rule of Civil Procedure 20. The Court will address Abdullah's pleading deficiencies in turn.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[27] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal

---

[23]  *See id.*
[24]  *See id.* (alleging that Defendants acted negligently "by conducting partial medical exams . . . and making [negligent] decisions on appropriate actions to be implemented to remedy [his] pain and suffering").
[25]  *See id.* at 2-3.
[26]  *See id.* at 5.
[27]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

involvement in the alleged misconduct."[28]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[29]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[30]

Abdullah's primary pleading deficiency is his failure to allege personal involvement for any individual Defendant.  Although he lists four high-level prison officials in the defendant-identification section of the form complaint, he does not include any allegations of wrongdoing that would establish personal involvement by these Defendants in the purported constitutional violations.  In other words, Abdullah never pleads what each Defendant did or did not do.  Abdullah, however, must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a Section 1983 claim.  Accordingly, the Court must dismiss any Section 1983 claim pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement as to all individual Defendants.

---

[28] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[29] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[30] *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

B.     **"Person" for Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[31]  Only "persons" are subject to suit under Section 1983, and entities such as prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[32]

Pursuant to this long-settled law, any Section 1983 claim against defendant PrimeCare must be dismissed, as PrimeCare is not a "person" subject to Section 1983 liability.  Moreover, Abdullah does not plausibly allege an unconstitutional policy or custom by PrimeCare such that a Section 1983 suit could be maintained against it through its connection with the county.[33]

---

[31] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[32] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

[33] *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

### C.    Eighth Amendment Medical Deliberate Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[34]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[35]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[36]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[37]  Deliberate indifference to serious medical needs is an exacting standard,

---

[34] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[35] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[36] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[37] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[38]  Claims sounding in mere medical negligence will not suffice.[39]

    Assuming that Abdullah has stated a serious medical need regarding his head, neck, and back injuries, his medical deliberate indifference claims fail at the second element.  That is, he has not plausibly alleged facts that would show that any Defendant acted with deliberate indifference toward his serious medical needs.  Indeed, in a complaint that primarily involves allegations of inadequate medical care, Abdullah's decision to sue high-level officials at Dauphin County Prison is perplexing.  For example, it is difficult to imagine how the warden of the prison would be involved in a prisoner's medical care or treatment decisions.  Abdullah's broad and conclusory allegations that "[t]he listed Defendants" took general unconstitutional actions (like denying "adequate medical care")[40] is insufficient to plausibly state the second element of a medical indifference claim.[41]

---

[38] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[39] *Rouse*, 182 F.3d at 197.
[40] *See* Doc. 1 at 5.
[41] In one sentence of his complaint, Abdullah alleges that PrimeCare "refused [him] the services of an outside specialist to perform tests" and evaluate his injuries.  Doc. 1 at 4.  First, as noted above, PrimeCare is not a person subject to Section 1983 liability.  Second, Abdullah's disagreement with the medical department's refusal to refer him to an outside specialist one day after the incident and to instead perform an injection does not state a claim for unconstitutional medical care.  It is well settled that mere disagreement with a medical provider's professional judgment or treatment plan does not state a constitutional violation.  *See Lanzaro*, 834 F.2d at 346 (explaining that "mere disagreement as to the proper medical treatment" does not "support a claim of an eighth amendment violation"); *see also Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) ("Because 'mere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation,' when medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." (internal citation omitted)); *Brown v. Borough*

Additionally, Abdullah's complaint fails to adequately plead causation, the third element of a medical indifference claim. It is impossible to determine from his allegations whether any Defendant's action or inaction caused his harm. Accordingly, Abdullah's Eighth Amendment medical indifference claims must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### D. First Amendment Petition Clause Claim

In one brief section of his complaint, Abdullah alleges that his First Amendment rights were violated when "[t]he listed Defendants" destroyed his legal mail and confiscated his "writing materials."[42] He also asserts that he was subjected to "extreme oppressive conditions in the RHU" and was unable to "challenge the abusive conditions" because Defendants ignored his requests for grievances.[43]

There are multiple problems with this ambiguous claim. First, and most importantly, there is a lack of personal involvement as to the named Defendants. Second, this claim appears to be duplicative of First Amendment claims raised in a parallel civil action—*Abdullah v. Briggs*, No. 4:24-cv-00225 (M.D. Pa.)—in which Abdullah alleges confiscation of legal mail and writing materials. Those First

---

*of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").
[42] Doc. 1 at 5.
[43] *Id.*

Amendment claims were recently dismissed with prejudice for failure to state a claim for relief.[44] Third, this claim appears to be unrelated to the medical care claim and potentially involves different Defendants (depending on who was involved in the alleged First Amendment violation), which would implicate a joinder issue under Federal Rule of Civil Procedure 20(a)(2). Indeed, Abdullah does not allege that he was unable to grieve the medical care issues; rather, he asserts that he was not able to grieve the RHU conditions. Accordingly, to the extent that Abdullah is raising a First Amendment Petition Clause claim, that claim will also be dismissed pursuant to Section 1915A(b)(1).

### E. Official Capacity Claims

Abdullah appears to sue Defendants in their individual and official capacities.[45] Suing Defendants in their official capacities is akin to suing the municipality—Dauphin County—itself.[46] To assert a Section 1983 claim against Dauphin County by way of an official capacity claim against a county employee, Abdullah must identify a policy or custom fairly attributable to the municipality that caused him constitutional injury.[47] He must also plausibly plead facts showing

---

[44] *See Abdullah v. Briggs*, No. 4:24-cv-00225, Doc. 12 at 6-11, 18 (M.D. Pa. June 10, 2024).
[45] *See* Doc. 1 at 5.
[46] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978).
[47] *Id.* at 690-91.

that each Defendant is a decisionmaker endowed with authority to promulgate or establish an official custom or policy.[48]

As noted above in the discussion concerning the claim against PrimeCare, Abdullah does not identify an unconstitutional policy or custom fairly attributable to Dauphin County.  Thus, his official capacity claims must be dismissed.

### F.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[49]  Abdullah will be granted leave to amend in the event that he can plead facts that would plausibly state a claim for relief.

If Abdullah chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his claims in short, concise, and plain statements, and in sequentially numbered

---

[48] *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a particular course of action made by the "government's *authorized decisionmakers*" represents an act of official government policy (emphasis added)); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (noting that plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to assert municipal Section 1983 liability).

[49] *Grayson*, 293 F.3d at 114.

paragraphs. Abdullah must leave one-inch margins on all four sides of his pleading.[50]

He must also name proper defendants and *specify the offending actions or omissions by a particular defendant*. This step is particularly critical for Abdullah, as his initial complaint is devoid of allegations that demonstrate Defendants' personal involvement in the purportedly unconstitutional conduct. Abdullah <u>may not</u> file an amended pleading like the document he filed in *Abdullah v. Briggs*, No. 4:24-cv-00225 (M.D. Pa.), which contained vague and repetitive copy-and-paste allegations against each Defendant and which spanned 51 pages in length.[51] Instead, Abdullah must specifically plead how each Defendant was involved in the claim at issue, and he must do so in short and plain statements that comport with Federal Rule of Civil Procedure 8(a).

Abdullah must also indicate what constitutional provision is allegedly violated by Defendants' conduct such that the Court can ascertain what type of Section 1983 claim or claims he is raising. He must sign the amended complaint and indicate the nature of the relief sought.

Abdullah is further admonished that he must comply with Federal Rule of Civil Procedure 20(a)(2) if he intends to join multiple defendants in this action. That rule requires that, to join multiple defendants in one lawsuit, the events

---

[50] *See* LOCAL RULE OF COURT 5.1.
[51] *See generally Abdullah v. Briggs*, No. 4:24-cv-00225, Doc. 10 (M.D. Pa. Apr. 22, 2024).

13

alleged must be part of the "same transaction, occurrence, or series of transactions or occurrences," or there must be a "question of law or fact common to all defendants."[52]  Abdullah's Eighth and First Amendment claims do not appear to be related, and his failure to plead personal involvement for Defendants creates potential Rule 20 joinder issues.  Abdullah must correct these deficiencies in his amended complaint.  Finally, if he does not timely file an amended complaint, dismissal of his Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## III.    CONCLUSION

Based on the foregoing, the Court will dismiss Abdullah's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  Abdullah may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[52]    *See* FED. R. CIV. P. 20(a)(2)(B).